UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
MENATALLA ELREWINY,                               :
                                                  :
                Plaintiff,     :
                                                  :        **MEMORANDUM &**
   -against-                                    :        **ORDER**
                                                  :
JOHN ARMSTRONG, in his official capacity as Senior: 3:25-CV-463 (VDO)
Bureau Official of the U.S. Department of State, Bureau:
of Consular Affairs, and EVYENIA SIDEREAS in her:
official capacity as Deputy Chief of Mission at the U.S.:
Embassy in Egypt,                                 :
                                                  :
                Defendants.     x
----------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

      Plaintiff Menatalla Elrewiny commenced this action seeking a writ of mandamus and other relief under the Administrative Procedure Act ("APA"), alleging that United States Embassy in Egypt failed to adjudicate visa petitions for her parents, Ghada Ahmed Amin Ahmed Hassanin (hereinafter "Beneficiary Ghada") and Mohamed Tawfik Mohamed Elrewini (hereinafter "Beneficiary Mohamed") (collectively, "Beneficiaries").[1] Defendants John Armstrong and Evyenia Sidereas have moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.[2] For the following reasons, the motion to dismiss is **granted in part and denied in part**.

---

[1] Compl., ECF No. 1

[2] Mot., ECF No. 18.

I. **BACKGROUND**

In October 2020, Plaintiff, a United States citizen, filed Form I-130 (Petition for Alien Relative) on behalf of the Beneficiaries, who were born in Egypt.[3] On September 30, 2021, the United States Citizenship and Immigration Services ("USCIS") approved the petitions filed on behalf of the Beneficiaries.[4] The Form I-130 petitions were forwarded to the United States Department of State National Visa Center, where they were subsequently deemed documentarily qualified.[5] Each of Plaintiff's parents then attended their consular interviews on February 5, 2023.[6] On the day of the interviews, Beneficiary Ghada received a notice informing her that her visa had been "approved by the consular officer and it should be processed within two weeks of your interview date."[7]

On August 15, 2024, the Beneficiaries were requested to complete a questionnaire, which they did.[8] Plaintiff now seeks an order compelling Defendants to adjudicate the visa petitions without further delay.[9]

II. **LEGAL STANDARD**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief

---

[3] ECF No. 1 ¶¶ 1, 11-12, 16.

[4] *Id.* ¶ 16.

[5] *Id.* ¶¶ 17, 19–20.

[6] *Id.* ¶ 22.

[7] *Id.*

[8] *Id.* ¶ 24.

[9] *Id.* at 9.

above the speculative level.'" *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995)). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

### III. DISCUSSION

Defendants argue that the claims are barred by the consular nonreviewability doctrine.[10] Alternatively, Defendants argue the following: (1) the claims are moot, (2) there is no mandatory, non-discretionary duty for a consular officer to re-adjudicate the visa applications,

---

[10] ECF No. 18 at 9–14.

3

(3) Plaintiff has no clear right to relief under the Mandamus Act; and (4) Plaintiff has failed to demonstrate that any purported delay is unreasonable.[11]

Before this Court can reach the merits of whether an order compelling Defendants to adjudicate the visa petitions is warranted, this Court must ensure that this issue is reviewable considering the longstanding doctrine of consular nonreviewability. Principles of consular nonreviewability provide that, except in limited circumstances, courts may not review a consular officer's decision to grant or deny a visa. *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009) (explaining that consular nonreviewability embodies "the principle that a consular officer's decision to deny a visa is immune from judicial review"). "For more than a century, [the United States Supreme] Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Trump v. Hawaii*, 585 U.S. 667, 702 (2018) (quoting *Fiallo v. Bell*, 430 U.S. 787, 792 (1977)). The Court has also held that "[t]he conditions of entry for every alien, the particular classes of aliens that shall be denied entry altogether, the basis for determining such classification, the right to terminate hospitality to aliens, [and] the grounds on which such determination shall be based" are "wholly outside the power of this Court to control." *Fiallo*, 430 U.S. at 796 (quoting *Harisiades v. Shaughnessy,* 342 U.S. 580, 596–97 (1952)). Accordingly, "[t]he action of executive officers in admitting or excluding non-citizens is, as a general rule, final and conclusive." *Chen v. Rubio*, 158 F.4th 393, 397 (2d Cir. 2025) (cleaned up); *Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024) (same).

---

[11] *Id.* at 14–28.

The Court of Appeals for the Second Circuit's decision in *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179 (2d Cir. 1978), is illustrative. In *Hsieh*, after gaining permanent resident status for herself, the appellant sought to assist her children in Taiwan to enter the United States by petitioning the Immigration and Naturalization Service ("INS") on behalf of them. *Id.* at 1180. After the INS approved the petitions, the children applied to the United States Consulate in Taiwan for immigrant visas, where the Consul held up issuance of the visas because of concerns about whether the appellant had acquired permanent resident status through fraud. *Id.* at 1181. Appellant sought to compel the issuance of immigration visas to her children and for the INS to complete its investigation into possible fraud under the APA and the Mandamus Act. In affirming the district court's dismissal of the case, the *Hsieh* court explained the reach of the doctrine of consular nonreviewability by holding that "the judiciary will not interfere with the visa-issuing process." *Id.*

Much like *Hsieh*, Plaintiff's claims here are precluded from judicial review. There, as here, a litigant seeks an order compelling a consular official to adjudicate visa petitions under the APA and the Mandamus Act. In view of the *Hsieh* Court's finding that neither the APA nor the Mandamus Act provides "jurisdictional basis … for review of the action of the American Consul … suspending or denying the issuance of immigration visas," this Court finds the claims here categorically precluded by the doctrine of consular nonreviewability. Substantial precedent forbids this Court from adjudicating Plaintiff's claims where, as here, there are no plausible allegations that the denial of a visa burdens a citizen's constitutional rights and lacks a legitimate and bona fide reason. *See Chen*, 158 F.4th at 397 (explaining that the Supreme Court assumed a narrow exception to the bar on judicial review of consular decisions "only when the decision *both* burdens the constitutional rights of a citizen *and* lacks

5

a legitimate and bona fide reason"); *see also Am. Acad. of Religion*, 573 F.3d at 125 (explaining that there can be judicial review of a consulate official's visa denial where a plaintiff "asserts a First Amendment claim to have a visa applicant present views in" the United States).

This Court's holding is consistent with the majority of district courts in the Second Circuit finding the doctrine bars judicial review of any part of the visa application process, including a consular official's decision to deny a visa and delay in processing a visa. *See Gharedaghi v. Blinken*, No. 3:24-CV-1798 (VAB), 2025 WL 2300763, at *3 (D. Conn. Aug. 8, 2025) (explaining that most courts in this Circuit have held that, under *Hsieh*, the doctrine bars claims under the APA and the Mandamus Act challenging a consular official's decision and compelling adjudication of a visa application); *see also Khan v. United States Dep't of State*, 722 F. Supp. 3d 92, 98 (D. Conn. 2024) (same). To be sure, Plaintiff cites to several instances where courts outside of the Second Circuit have held that the doctrine does not insulate claims of unreasonable delay from judicial review,[12] which is consistent with a minority of district courts in the Second Circuit. *See Ceken v. Chertoff*, 536 F. Supp. 2d 211, 216 (D. Conn. 2008) ("Because defendants are obligated to adjudicate plaintiff's application, failure to render a decision on the application within a reasonable period of time provides this Court with mandamus jurisdiction."). But considering the *Hsieh's* Court issuance of a broad declaration that "the judiciary will not interfere with the visa-issuing process," this Court cannot deduce a principled reason to conclude that Plaintiff's claims are reviewable. 569 F.2d at 1181.

---

[12] Opp'n, ECF No. 19 at 9–10.

Even if the doctrine of consular nonreviewability did not bar claims based on consular inaction, Plaintiff fails to state a claim. To state a claim under the APA, Plaintiff must plausibly plead that the alleged delay in adjudicating the visas is unreasonable. But "[i]t is settled … that the mere passage of time cannot sustain a claim of unreasonable delay. Courts have held delays in the vicinity of five years in the adjudication of immigration benefits not to be unreasonable as a matter of law." *Gharedaghi*, 2025 WL 2300763, at *5 (D. Conn. Aug. 8, 2025) (quoting *Sharifi v. Blinken*, 731 F. Supp. 3d 433, 439 (E.D.N.Y. 2024)). Additionally, dismissal is appropriate where there are no allegations "as to why defendants should afford their Petition immediate attention given constrained resources and substantial caseload within the system." *Adjei v. U.S. Dep't of State*, No.:24-CV-1311 (JCH), 2025 WL 2877820, at *5 (D. Conn. Oct. 9, 2025). The Court deduces no reason in this case to conclude differently.

Plaintiff's request for mandamus similarly fails on the merits. Generally, a party must satisfy three conditions for a writ of mandamus to issue:

> First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Balintulo v. Daimler AG*, 727 F.3d 174, 186–87 (2d Cir. 2013). Here, the first prong is not satisfied because, as Plaintiff notes in the opposition memorandum, a consular official has discretion to place the petitions in administrative processing. Plaintiff also fails to satisfy the third prong because the face of the complaint indicates that an APA claim was brought to complement the Mandamus Act claim, thus indicating that there is another adequate remedy at law, even if the APA claim fails on the merits. *See Adjei*, 2025 WL 2877820, at *5.

7

## IV. LEAVE TO AMEND

Because Plaintiff has neither requested leave to amend the complaint nor indicated "how further amendment would … cure the deficiencies in the complaint," leave to amend is denied. *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 140 (2d Cir. 2011); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is freely granted," the court need not "grant a request that was not made.") Even if Plaintiff requested to replead, leave to amend must be denied as futile because the flaws in the Complaint as expressed herein rule out any possibility that Plaintiff would succeed in stating a claim by re-pleading in light of the Supreme Court's guidance restricting judicial review of consular official's adjudication of visa applications to very limited contexts, which are not present here.

## V. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **granted**. All claims are dismissed with prejudice. As there are no remaining claims, the Clerk of Court is respectfully directed to enter judgment in favor of Defendants and close the case.

Hartford, Connecticut
February 15, 2026

**SO ORDERED.**

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge